# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-50176
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO DAVILA-ROMERO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-561-ALL

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Davila-Romero appeals the sentence imposed for his conviction for illegal reentry following previous deportation. Davila argues that although his was a within-Guidelines sentence, it should not be presumed reasonable because U.S.S.G. § 2L1.2 is flawed under Kimbrough v. United States,[1] wherein

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 128 S. Ct. 558, 574 (2007).

the Supreme Court recognized that certain Guidelines do not take account of empirical data and national experience.

Following United States v. Booker,[2] we review a district court's sentencing decisions for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a).[3] First, we consider whether the sentence imposed is procedurally sound. Id. at 597. Thereafter, we consider whether the sentence is substantively reasonable, using an abuse-of-discretion standard.[4] On this circuit as on a number of others, a sentence imposed within a properly calculated Guideline range is entitled to a rebuttable presumption of reasonableness.[5]

Here the challenge is to the sentence's substantive reasonableness, and to our law on the rebuttable presumption of reasonableness for Guidelines sentences. Citing the Supreme Court's decisions in Kimbrough v. United States,[6] and Rita,[7] Davila argues that the within-Guidelines sentence imposed in his case should not be accorded a presumption of reasonableness. Davila contends that the justification for applying a presumption of reasonableness in his case is undercut because U.S.S.G. § 2L1.2(b), the Guideline used to calculate his advisory Sentencing Guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account "empirical data and national experience." He portrays the Kimbrough decision as having

---

[2] 543 U.S. 220 (2005).

[3] Gall v. United States, 128 S. Ct. 586, 596-97 (2007).

[4] Id.

[5] Rita v. United States, 127 S. Ct. 2456, 2462 (2007); United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

[6] 128 S. Ct. 558, 575 (2007).

[7] 127 S. Ct. at 2462.

"suggested" that the appellate presumption should not be applied to Guidelines that did not take account of this data and experience.

Although some language in Kimbrough could be read to support appellant's argument, it is far from directly on point, and we conclude that the square holding of Rita in favor of our presumption sufficiently supports that presumption even in light of Kimbrough. After all, Kimbrough arose under significantly different procedural conditions. The question presented in Kimbrough was whether "a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses."[8] Speaking to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575. In Kimbrough, the Court did not modify its recent ruling on the applicability of a presumption of reasonableness for Guidelines sentences. The appellate presumption's continued applicability to § 2L1.2 sentences is also supported by this court's decision in United States v. Campos-Maldonado,[9] which involved a similar challenge to § 2L1.2.

The presumption is therefore applicable in this case, and appellant has not rebutted it. Accordingly, the judgment of the district court is AFFIRMED.

---

[8] 128 S. Ct. at 564 (emphasis added).

[9] 531 F.3d 337, 338-39 (5th Cir. 2008), petition for cert. filed (Aug. 20, 2008) (No. 08-5988).